IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KARDARIUS KANTREZ GLASS, <br><br> Defendant. | CRIMINAL ACTION NO. <br><br> 1:23-CR-150-LMM-JKL |

**NON-FINAL REPORT AND RECOMMENDATION**

On December 11, 2023, the Court held a hearing to determine whether Defendant Kardarius Kantrez Glass is presently suffering from a mental disease or defect rendering him mentally incompetent, such that he would be unable to understand the nature of consequences of the proceedings against him or to assist properly in his defense. At the conclusion of the hearing, counsel for both parties agreed that the evidence did not preponderate in favor of finding Mr. Glass incompetent. Based on the Court's review of the forensic report of Forensic Psychologist Alicia Gilbert, Ph.D.; Dr. Gilbert's testimony; and the Court's own observations of Mr. Glass throughout the proceedings, the Court agrees.

**I.    BACKGROUND**

Mr. Glass is charged with simple assault in violation of 18 U.S.C. § 111(a)(1) and disorderly conduct in violation of 41 C.F.R. § 102-74.390(a). [Doc. 1.] The

charges stem from Mr. Glass's alleged assault of a clerk's office employee at the public intake counter on May 2, 2023. [*Id.*] Following his initial appearance and detention hearing, the Court ordered that Mr. Glass undergo a competency evaluation. [Doc. 16.] The Court initially gave Mr. Glass and his counsel an opportunity to conduct the evaluation locally, at the Robert A. Deyton Detention Facility. [*Id.*] Mr. Glass refused to cooperate; so, the Court ordered him sent to a Bureau of Prisons facility to have the examination conducted. [Doc. 17.] Mr. Glass was then transported to a Metropolitan Correctional Center ("MCC") in San Diego for evaluation. [*See* Doc. 22.] There, he repeatedly refused to cooperate with the examining psychologist, Dr. Gilbert, stymieing her ability to conduct a full forensic examination. [*Id.*]

Even so, on October 30, 2023, Dr. Gilbert issued a report in which she concluded that Mr. Glass was "likely suffering from either a Delusional Disorder or Schizophrenia," but also observed that "there is not enough information to provide a diagnosis with any level of confidence." [Doc. 22 at 14.] She also opined that "[a]lthough there is information indicating that he is aware of basic courtroom procedures, his rights, and the nature of his charges, it is highly possible that he has a mental illness that is interfering with his ability to make good decisions about his defense as well as his ability to work with an attorney." [*Id.*] She suggested that

if the Court believed further evaluation was necessary, the Court could order him to undergo a more in-depth evaluation at another facility. [*Id.*] Meanwhile, at the competency hearing, Dr. Gilbert testified that there was a "fifty-fifty" chance that Mr. Glass was not competent.

## II.   LEGAL ANALYSIS

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. *United States v. Dixon*, 901 F.3d 1322, 1341 (11th Cir. 2018). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted). "[A] [defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011).[1]

---

[1] There is an open question about whether the defendant or the government bears the overall burden of proof, *see United States v. Cheney*, No. CR417-002, 2017 WL 3929321, at *1 (S.D. Ga. Aug. 21, 2017), *report and recommendation adopted*, 2017 WL 3928936 (S.D. Ga. Sept. 7, 2017), and *United States v. Young*, No. 3:16-CR-6-TCB-RGV, 2016 WL 6405842, at *2 (N.D. Ga. Sept. 21, 2016), *report and recommendation adopted*, 2016 WL 6277663 (N.D. Ga. Oct. 26, 2016), but that question need not be answered in this case, where the evidence is not in

3

The only medical evidence that bears on Mr. Glass's competency is Dr. Gilbert's report and testimony, in which she found it no more likely than not that Mr. Glass is presently incompetent.  To be sure, Dr. Gilbert's report contains some information that calls Mr. Glass's competency into question, including his irrational refusal to participate in the forensic evaluation ordered by the Court; his persistent contention that this Court lacks authority to commit him for evaluation; his reported history of mental health problems and medications; his own noncompliance with mental health treatment; and multiple disciplinary infractions during his time at MCC.  But juxtaposed to all this is the fact that the mental status examinations reflected in Dr. Gilbert's report are mostly normal; Mr. Glass repeatedly displayed no signs of mental illness; MCC officials repeatedly found that he was competent to proceed with disciplinary proceedings; and on recorded jail calls, his communications were essentially normal.  In addition, at the competency hearings themselves (as well as at his recent hearing on his motion to reconsider bond), Mr. Glass was not disruptive, appeared lucid, and conversed with his attorneys in a purposeful way.

---

equipoise, "'that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent,'" *see Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (quoting *Medina v. California*, 505 U.S. 437, 449 (1992)).

### III.  CONCLUSION

Based on this record, and the fact that neither party contends that the evidence preponderates in favor of finding Mr. Glass incompetent, the undersigned respectfully **RECOMMENDS** that the District Judge find Mr. Glass competent to stand trial.[2]

IT IS SO RECOMMENDED this 20th day of December, 2023.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

---

[2] "It is not clear whether a ruling on a defendant's competency to stand trial is dispositive or non-dispositive." *United States v. Harris*, No. 1:12-CR-47-1, 2013 WL 5945064, at *1 (E.D. Tex. Nov. 4, 2013); *see United States v. Zendran*, No. 1:19-MJ-118-PAS, 2020 WL 7768034, at *1 (D.R.I. Dec. 30, 2020) (collecting cases where magistrate judges have resolved competency by order versus report and recommendation), *report and recommendation adopted*, 2021 WL 2411209 (D.R.I. June 14, 2021).  The Eleventh Circuit has not addressed this issue; thus, out of an abundance of caution, the undersigned resolves the issue of competency by report and recommendation.